IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL RIVERA, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No.: 1:17-CV-7935 |
| DAVID GEORGE GARDNER, JR. and § | |
| EAN HOLDINGS, LLC, § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S COMPLAINT**

<u>A. Parties</u>

1. At all times hereinafter mentioned, Plaintiff SAMUEL RIVERA, JR. was and is an individual who is a citizen of the County of Bergen, State of New Jersey.

2. Upon information and belief, and at all times hereinafter mentioned, Defendant DAVID GEORGE GARDNER, JR. was and is an individual who is a citizen of the County of Orange, State of New York.

3. Upon information and belief, and at all times hereinafter mentioned, Defendant EAN HOLDINGS, LLC was and is a foreign limited liability company authorized to do business under and by virtue of the laws of the State of New York.

4. Upon information and belief, and at all times hereinafter mentioned, Defendant EAN Holdings, LLC designated, and still designates, the County of Monroe as its principal office within the State of New York in its application for authority to do business filed with the New York State Secretary of State.

5.  Upon information and belief, and at all times hereinafter mentioned, Defendant EAN HOLDINGS, LLC was and is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware.

6.  Upon information and belief, and at all times hereinafter mentioned, Defendant EAN HOLDINGS, LLC maintained and maintains a principal place of business in the City of St. Louis, State of Missouri.

7.  Upon information and belief, and at all times hereinafter mentioned, Defendant EAN Holdings, LLC maintained and maintains a place of business at 1050 N Lombard Road, Lombard, Illinois, 60148.

### B. Jurisdiction

8.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiff and the defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

9.  Venue in this district is proper, pursuant to 28 U.S.C. § 1391(b)(2), insofar as a substantial part of the events or omissions giving rise to this action occurred in the Southern District of New York.

### C. Facts

10. This action arises from a motor vehicle collision that occurred on October 3, 2017 at approximately 5:15 p.m. on the Harlem River Drive at or near 125th Street in New York, New York. The plaintiff, SAMUEL RIVERA, JR., was driving a motorcycle in the left lane heading north on the Harlem River Drive when the motor vehicle operated by Defendant DAVID

GEORGE GARDNER, JR. and owned by Defendant EAN HOLDINGS, LLC, in effect, attempted to make an illegal U-turn and came into contact with the plaintiff. As a result of the impact, the plaintiff, SAMUEL RIVERA, JR., sustained serious, severe, and permanent injuries pursuant to the N.Y. Insurance Law.

### D. Count 1 - Negligence

11. At the time of the collision, Defendants DAVID GEORGE GARDNER, JR. and EAN HOLDINGS, LLC were operating their vehicle negligently. These defendants had a duty to exercise ordinary care by operating their vehicle reasonably and prudently. These defendants breached that duty in one or more of the following ways:

   a. failing to timely apply brakes;

   b. failing to maintain a proper lookout;

   c. making, or attempting to make, an illegal U-turn;

   d. violating, and being cited for having violated, N.Y. Vehicle & Traffic Law 1130(1) and New York City Traffic Rule 4-05, in addition to any other applicable statute, rule, or regulation;

   e. failing to operate the vehicle in a manner so as to avoid the collision;

   f. driving the vehicle at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances;

   g. driving the vehicle in a manner in which an ordinary and prudent person would not have driven under the same or similar circumstances;

   h. failing to yield the right of way;

   i. ignoring traffic control devices; and,

   j. causing the accident.

Case 1:17-cv-07935   Document 1   Filed 10/16/17   Page 4 of 5

## F. Damages

12. As a direct and proximate result of Defendants' negligence, Plaintiff SAMUEL RIVERA, JR. suffered the following injuries and damages:

   a. permanent and serious injuries, as defined by N.Y. Insurance Law § 5102(d);

   b. non-economic losses, as set forth in N.Y. Insurance Law § 5102(a), included within the definition of "basic economic loss;"

   c. physical pain and mental anguish in the past and future;

   d. lost earnings;

   e. damage to earning capacity;

   f. disfigurement in the past and future;

   g. physical impairment in the past and future; and,

   h. medical expenses in the past and future.

## G. Prayer

13. For these reasons, Plaintiff asks for judgment against Defendants for:

   a. actual damages exceeding the jurisdictional limits of this Court;

   b. pre- and post-judgment interest;

   c. costs of suit; and,

   d. such other and further relief as this Court deems just and proper.

(continued on next page to include signature)

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

Pursuant to the Seventh Amendment to the United States Constitution, and in accordance with Federal Rule of Civil Procedure 38, Plaintiff asserts his right to, and demands, a trial by jury on all issues.

Dated: Harrison, New York
October 16, 2017

Respectfully Submitted,

_____
JAY S. HAUSMAN (JH6973)
440 Mamaroneck Avenue, Suite 408
Harrison, New York 10528
(914) 946-3344
Fax (914) 946-9733

OF COUNSEL
***HAUSMAN & PENDZICK***

ATTORNEY IN CHARGE FOR
Plaintiff SAMUEL RIVERA, JR.